IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV53-03-MU

| | |
|---|---|
| HASAN JAHLIL SHABAZZ, a.k.a. John McAlister, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEITH WHITENER; FNU CARVER; ANTHONY )<br>NICHOLS, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 12, 2009 (Document No. 1.)

Plaintiff alleges in his Complaint that Keith Whitener, Staff Administrator at Alexander Correctional Institution, failed to provide him with a new identification card with the name Hasan Jahlil Shabazz. Plaintiff further alleges that Defendant Carver investigated Petitioner's grievance[1] and told Petitioner that there was nothing he could do and Defendant Nichols told Petitioner that he cannot assist Plaintiff because he was committed under the name of John McAlister. These allegations are the only allegations contained in Plaintiff's Complaint. By way of relief, Plaintiff requests that this Court direct that his identification card reflect only Hasan Jahlil Shabazz and that staff stop using the name John McAlister.

---

[1] Although Plaintiff indicates on his form Motion that he exhausted his administrative remedies relating to this Complaint and that copies of such grievances were attached to his Complaint. (Motion at 2.) The Court notes that no grievances were attached to Plaintiff's Complaint.

1

First, it is well settled that federal courts do not occupy "the role of super wardens of state penal institutions," Cooper v. Fano, 549 F.2d 731, 732 (4th Cir. 1976), and "do not sit to supervise state prisons." Meachum v. Fano, 427 U.S. 215, 229 (1976). Next, a cause of action under 28 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution or other laws of the United States by a person acting under color of state law. Here, Plaintiff, who was committed to Alexander Correctional Institution under the name of John McAlister, contends only that Defendants have refused to make him an identification card with the name Hasan Jahlil Shabazz. Plaintiff does not allege that he has been denied any services or benefits based on his name or has been otherwise harmed due to his name choice. Plaintiff does not even explain the reasoning for his name change. Indeed, Plaintiff does not include any allegations in his conclusory Complaint which implicate any provision of the Constitution. See Barrett v. Commonwealth of Virginia, 689 F.2d 498 (4th Cir. 1982). Plaintiff has failed to state a claim upon which relief can be granted because he has not stated a deprivation of a right secured by the Constitution. Plaintiff's claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is dismissed.

**SO ORDERED**.

Signed: May 19, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge